UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MERAKI SOLAR, LLC, et al.,

     Plaintiffs,

v.                              Case No. 3:21-cv-405-MCR-HTC

MIKOL ROSENBALM, et al.,

     Defendants.

_____/

ORDER

Before the Court are Plaintiffs Meraki Solar, LLC and Meraki Installers, LLC

("Meraki")'s motion to compel Defendants to provide full and adequate responses

to discovery (ECF Doc. 32), Defendants' response in opposition (ECF Doc. 38),

Meraki's supplemental memorandum (ECF Doc. 44), and Defendants Rosenbalm

and Kirkham's objection to the supplement[1] (ECF Doc. 47).

## I.    BACKGROUND

The Court held a hearing on Meraki's initial motion on October 27, 2021.  Just

prior to the hearing, however, Defendants produced additional documents.  Thus,

the Court directed the parties to meet and confer and to file a supplement identifying

---

[1] Although attorneys from the Sumison Business Law firm no longer represent Defendant
Sandavol, as Meraki points out, Sandavol is still represented by Charles Wiggins.  No response to
the supplement, however, was filed on behalf of Sandavol.  Counsel should ensure that he discusses
with Sandavol the obligations set forth in this order.

what discovery matters, if any, remain in dispute.  In the supplement, Meraki explains that, on October 26, 2021, at 3:08 a.m., Defendants produced 2,778 pages of documents and no supplemental responses.  After the hearing, Defendants produced a second set of documents via a link, which Meraki identifies as containing "thousands of emails and attachments along with some basic correspondence from counsel for Defendants", as well as "commission statements for 2021 only from their third-party vendor Titan."  ECF Doc. 44 at 6.

Based on Meraki's supplement, there are no objections for the Court to resolve.[2]  Instead, Meraki's consternation is with the following:  (1) Defendants' delay in producing responsive documents and (2) the lack of a complete production, despite the passage of more than five (5) months since the discovery was initially issued.[3]  Thus, although Meraki acknowledges Defendants "have made a significant attempt to respond to discovery today," Meraki seeks fees and costs because

---

[2] As discussed during the hearing, Defendants have agreed to waive any objection they have to the documents sought not being in their "possession, custody, or control" and, instead, in the "possession, custody, or control" of third party, Pur Energy LLC.  *See* Objections to Rosenbalm RFPD No. 8, 20, 23 and Sandavol RFPD No. 25.  Also, according to Meraki, during the parties' meet and confer, Defendants' counsel "confirmed…that no documents were being withheld on the basis of any objection or privilege."  ECF Doc. 44 at 7.

[3] Meraki also expresses a concern regarding whether Defendants failed to preserve evidence in anticipation of litigation and whether Defendants have engaged in an adequate search for documents.  There simply is not enough information for the Court to resolve those matters.  Since there are no objections to the discovery, all responsive and relevant documents will need to be produced.  Thus, presumably, if Meraki learns through discovery evidence was spoiled or a search was not properly conducted, then Meraki will timely raise those matters, as necessary, and seek appropriate relief.

Defendants' initial positions were not substantially justified and their production was delayed until *after* the motion to compel was filed.  *Id.* at 7.

Defendants, argue, however, that Meraki has "manufactured 'deficiencies'", ECF Doc. 47 at 1, and that Meraki should look in its own backyard before pointing fingers.  Thus, Defendants contend sanctions are not appropriate.

## II.    THE SUBJECT DISCOVERY

At issue are Defendants' objections or failure to respond to specific interrogatories and requests for production served on April 21, 2021.  On May 21, 2021, Defendants served their answers to interrogatories.  Defendants, however, did not serve their written responses and objections to the requests for production until July 8, 2021, more than thirty (30) days later.  Defendants produced some documents on the same date, but Meraki contends the production was insufficient.  Defendants explain that the delay with the initial production of documents was because of the need for an agreement as to a protective order.  Defendants, however, do not explain why their written responses and objections were tardy.

Despite the production being made in July, Meraki did not file a motion to compel until October 12, 2021.  According to Meraki, after Defendants' initial production, the parties met and conferred at least eight (8) times, primarily over Defendants' position that they did not have to produce documents that were in the possession of third-party Pur Energy, LLC.  It appears Defendants maintained this

position until October 26, 2021, when they agreed to waive that objection to avoid the hearing. Regardless, Meraki issued a subpoena to Pur Energy and responsive documents were due on September 20, 2021, but not produced.

Meraki's initial motion included a dispute over sixteen (16) separate responses. As discussed below, after the hearing, the parties narrowed the dispute to seven (7) responses.

## III.   DISCUSSION

The Court should not have to instruct the parties or their counsel on their discovery obligations. Those obligations are clearly set forth in the Federal Rules of Civil Procedure. Under those rules, absent a valid and timely objection, Defendants are obligated to produce all documents responsive to Plaintiff's discovery requests. Fed. R. Civ. P. 34. The obligation to ensure that all responsive documents are produced falls not only on the parties, but also on counsel. *See also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) ("Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched.").

In the supplement, Meraki has categorized the discovery requests they seek for the Court to address.  As to those requests, the Court has considered the parties' written submissions and finds as follows[4]:

A. <u>Tax returns, W9s, and 1099s</u>

Meraki seeks the production of "federal, state, and local income tax returns, with all schedules and attachments, W-2s and 1099s, for years 2020 to present." ECF Doc. 44 at 8.  Defendant Rosenbalm states these documents have been produced.  Defendant Kirkham states he did not file an income tax return but, otherwise, documents have been produced.  Defendant Sandoval has not responded, other than with an objection.  Meraki argues, however, that Rosenbalm's production included only an unsigned tax return,[5] a transcript for 2016, and a 2020 W2 for Meraki, and Kirkham did not produce any additional documents, despite counsel's representation otherwise.

Since there are no objections to the production of responsive documents, Defendants shall produce all responsive documents in their possession, custody, or control by **Friday, November 5, 2021.**  There seems to be a dispute as to whether Kirkham has produced responsive documents.  If documents have been produced,

---

[4] For purposes of this order, the Court summarizes the requests.  The Court's summary should not be interpreted as limiting or redefining the actual requests or interrogatories.

[5] Even if Rosenbalm does not have a signed copy in her possession, if she has the legal authority to request it, then it is within her "possession, custody and control."

they obviously do not have to be produced again.  Also, in case there is any doubt, documents which are in the possession of Defendants' accountant, are in the "possession, custody and control" of the Defendants.  *See Union Fire Insurance Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 566 (D. Kan. 1994).

    B. <u>Accounting Records</u>

Rosenbalm Request for Production No. 22 seeks the production of documents reflecting or relating to sales involving solar panels and related products, including purchase agreements, in which Rosenbalm was involved since leaving Meraki.  ECF Doc. 44 at 11.  Rosenbalm states "all documents have been produced," and that there are no deficiencies with the production, but Meraki disagrees.  Specifically, Meraki contends the only records produced were for 2021.  It appears Rosenbalm's position is that Meraki does not understand how to read the documents that have been furnished.

Since there are no objections to the production of responsive documents, Defendants shall produce all responsive documents in their possession, custody, or control by **Friday, November 5, 2021.**  As stated above, it is Defendant's obligation to produce documents in the possession of her accountant.  Also, as stated above, if responsive documents have been produced – they do not need to be reproduced, unless they are not in a useable format.

C. <u>Bonus, override, and commission information</u>

In Interrogatory No. 5 and Request for Production No. 31, Meraki asks Rosenbalm to describe in detail all income, compensation, commissions, bonuses, dividends, distributions or other items of value received by her since leaving Meraki for work performed on behalf of Pur Energy or any entity involving the sale of solar panels or related product.  ECF Doc. 44 at 13.  A similar interrogatory and request were posed to the other Defendants.

Rosenbalm stated on November 1, 2021, that responsive documents have been requested from her accountant "and should be available today."  ECF doc. 44 at 14. Meraki takes issue with the fact that these documents were not previously requested of the accountant and that what has been produced is incomplete as it contains no data for 2020.  Also, although Kirkham states responsive documents have been produced, Meraki states Kirkham has not produced any additional documents including underlying documentation of earnings from Pur Energy or Helios Energy. ECF Doc. 44 at 15.

Defendants do not disagree this production is incomplete.  In Defendants' response, Defendants state "the remaining supporting documents will be produced when they are received."  ECF Doc. 47 at 12.  The undersigned finds this response to be insufficient.  Responsive documents were due in May.  Thus, Defendants shall

produce all responsive documents in their possession, custody, or control in Excel format by **Friday, November 5, 2021.**

D. Social Media

Meraki seeks from Sandavol social media posts, updates, profiles, statuses, videos or comments relating to the allegations in the complaint or Defendants' work at Meraki or Pur Energy.   Although Defendants have produced responsive documents, Meraki complains the production is "incomprehensible because the images are very dark."   ECF Doc. 44 at 17.   Since there are no objections to the production of responsive documents, Sandavol shall re-produce the documents in a readable format by **Friday, November 5, 2021**.

With regard to each of the above, Defendants shall ensure their production meets the "basic standard that [Defendants] be able to ascertain to which requests the documents are responsive."   *See Henderson v. Holiday CVS, LLC,* 2010 WL 11505168, at *3 (S.D. Fla. Aug. 11, 2010) ("[t]he fact remains that by producing a diskette with 7,000 pages of documents responsive to four different requests, based upon a method of production that organizes groups of documents by the particular store, rather than the actual requests, Defendants have failed to comply with Rule 34(b)'s dictate that the requesting party be provided with the requisite information they need to match the documents provided to the specific requests for production propounded").

## IV.    FEES AND COSTS

Although Defendants have withdrawn any objections they initially had to Meraki's discovery, Meraki argues they are entitled to fees and costs because the initial objections were not substantially justified and Defendants have been dilatory in their production.  Judge Rodgers' Initial Scheduling Order states that "[t]he Court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis."  ECF Doc. 8 at 9.

Also, under Federal Rule of Civil Procedure 37(a)(5), when the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees."  Fed. R. Civ. P. 37(a)(5).  Whether fees should be granted under Rule 37 is dependent on whether the position of the non-prevailing party was substantially justified.  "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co*., 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The Court has reviewed Defendants' response to the supplement and does not find any of the positions Defendants took or their delay in producing documents to be substantially justified. First, Defendants' attempt to distract from their own conduct by pointing to Meraki's conduct related to a deposition that has nothing to do with the issues before the Court is a red herring. If Defendants felt that Meraki had failed to comply with their obligations under the Rules as to the Flores deposition, then Defendants should have raised that issue with the Court and sought their own relief. Raising the issue here in its response to the supplement is not appropriate.

Second, Defendants argue their objection to the production based on the argument that the documents sought belonged to Pur Energy and not the individual Defendants was substantially justified. That argument also misses the point. It misses the point that Defendants' objections were untimely, and thus, waived. *See* Fed. R. Civ. P. 33(b)(4); *See e.g., Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009) ("There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents [or interrogatory], it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure."); *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990) (plaintiff's untimely objection to defendant's

propounded interrogatories and production of documents requests resulted in waiver of the objections); *Vaughn v. 21st Century Security Ins. Co.,* 3:12-cv-410/MCR/CJK, 2013 WL 12106200, at * 1 (N.D. Fla. Oct. 19, 2013) ("Plaintiff's failure to respond was unjustified, and his failure to serve a timely objection to any of the interrogatories constitutes a waiver of the right to object"). *T.A. by & through Christensen v. Moore Pub. Sch., I-02*, 2007 WL 9710770, at *2 (W.D. Okla. Nov. 19, 2007). ("There can be no substantial justification for Plaintiffs' continued resistance to discovery based on objections that have been waived.").

It misses the point that Defendants' objection, even if considered as timely, applied to only four (4) requests and does not explain Defendants' failure to produce responsive documents to the other requests until the day before the hearing.  It misses the point that whether Defendants had "possession, custody or control" of Pur Energy documents depends on whether they had "the legal right, authority *or* practical ability to obtain the materials on demand." *See Wooden v. Barringer*, 2017 WL 5140518 at *7 (N.D. Fla. Nov. 16, 2017).  That determination is not, as Defendants posit, based solely on whether "it is customary in the industry for the non-party to furnish the information to the party."  ECF Doc. 47 at 6.

Regardless, wholly missing from Defendants' response to the motion or response to the supplement is *any* explanation of why Defendants have failed to comply with their discovery obligations despite the passage of more than five (5)

months from when responses were first due.  Instead, Defendants' position appears to be one of no harm no foul, because "there is still over a month before the December 10 close of discovery date and Defendants have offered to allow depositions to be taken after the deadline."  ECF Doc. 47 at 7.  This position represents a clear misunderstanding of the Rules.  Thus, the Court finds fees and costs should be awarded in this case.

The discovery deadline in this case was set by the Court and can be modified *only* for good cause *and* with consent of the judge.  Fed. R. Civ. P. 16(b)(4).  In other words, the parties' agreement otherwise does not alter the Court's deadlines.  As Judge Rodgers' initial scheduling order states, "No extension of time will be granted except for good cause and upon a showing of diligence during the initial discovery period.  The filing of motions does not operate to toll or extend the discovery cutoff date set forth in this paragraph."  ECF Doc. 2 at 1.

Accordingly, IT IS ORDERED:

1.     Plaintiffs' motion to compel (ECF Doc. 32) is GRANTED, as set forth herein.

2.     Within seven (7) days of the date of this Order, Plaintiffs shall submit an affidavit of reasonableness of fees and costs, with supporting documentation, for filing and prosecuting the motion to compel.

3.     Defendants will have seven (7) days to file any objections to the reasonableness of the fees and costs sought.

DONE AND ORDERED this 3rd day of November 2021.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**