UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MERAKI SOLAR, LLC, and
MERAKI INSTALLERS, LLC,

    Plaintiffs,

v.                                                              Case No. 3:21cv405-MCR-HTC

AARON SANDOVAL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiffs Meraki Solar, LLC, and Meraki Installers, LLC, ("Meraki") bring this action against several defendants for violating certain covenants not to compete or solicit. All defendants have been terminated based on a stipulated judgment, with the exception of Defendant Sandoval. On July 25, 2023, the undersigned held a settlement conference pursuant to the District Judge's referral in the above-referenced matter. ECF Doc. 102. *Pro se* Defendant, Aaron Sandoval, however, **did not** appear as he was ordered to do. Thus, on August 11, 2023, the undersigned issued a show cause order to Sandoval directing him to show cause why a default judgment should not be entered in Plaintiffs' favor on the claims against him and why his counterclaims should not be dismissed. ECF Doc. 103. The time for Sandoval to respond to the show cause order has expired and no response has been

received by the Court. Thus, the undersigned respectfully recommends the Court enter a default judgment against Sandoval and in favor of Plaintiffs on their claims against him and that Sandoval's counterclaims against Plaintiffs be dismissed.

On February 7, 2022, Meraki filed a motion for summary judgment against Sandoval as to its affirmative claims as well as Sandoval's counterclaims. ECF Doc. 94. Sandoval did not respond to that motion and his time for doing so has expired. Subsequently, the Court referred this matter to the undersigned for a settlement conference. ECF Doc. 97. Immediately upon receipt of the referral, the undersigned issued a Settlement Conference Order, setting the conference for June 22. ECF Doc. 98. The Settlement Conference Order imposes certain obligations on the parties, including that the parties (1) submit a settlement statement to the undersigned and (2) appear at the settlement conference *in person*. *Id.* The Settlement Conference Order was sent by the clerk to Sandoval's El Paso, Texas address and was not returned to the Court as undeliverable.

Because of conflicts the settlement conference was continued on two occasions to July 25, 2023. ECF Docs. 100, 101. Those orders resetting the settlement conference were also sent by the clerk to Sandoval's El Paso, Texas address, and neither order was returned to the Court. Additionally, pursuant to the Settlement Conference Order, Meraki's counsel sent Sandoval a written settlement demand on July 12, and also sent him a copy of a proposed settlement agreement on

July 20. Both communications were conducted via email and the email did not bounce back. Finally, Meraki's counsel has represented that they conducted an internet search to see if Sandoval was still in Texas and were not able to identify an address in El Paso for Sandoval, other than the one the Court has in its records. Also, Meraki's counsel confirmed through Facebook that Sandoval continues to do business in Texas under the name Elevate Energy Smart Home Solutions, LLC (although counsel could not locate a business license for that entity or a registration with the Secretary of State).[1]

Meraki complied with the Court's Settlement Conference Order by submitting a confidential statement, a proposed settlement agreement, and making a settlement demand. Meraki also appeared at the settlement conference through counsel, Erick Drlicka and Jennifer Richardson, as well as through in-house counsel and corporate representative, R. Bradley Adams. Sandoval, however, did not comply with the Court's Order. The Court received no statement from Sandoval and he did not respond to Meraki's settlement demand or proposed settlement agreement.

Also, despite waiting 15 minutes after the initial start time, Sandoval did not appear for the conference. At no time since May 26, 2023, when the undersigned issued the Settlement Conference Order, did Sandoval notify the undersigned's

---

[1] According to Meraki's motion for summary judgment, in June 2021, Sandoval's wife, Monica Sandoval, started Elevate Energy ELP LLC, a new solar business, with the Secretary of State. ECF Doc. 94 at 14. The Facebook page identified an entity with a slightly different name.

chambers regarding any issues with appearing for the settlement conference or complying with the Settlement Conference Order.

Moreover, this is not Sandoval's first time to flout an order of the Court. As noted in the Court's March 1, 2022 Order, Sandoval previously failed to produce documents, respond to a motion for contempt, and failed to appear at a show cause hearing.[2] ECF Doc. 96. The Court, however, declined to impose sanctions against Sandoval at that time, choosing instead to exercise leniency because of Defendant's *pro se* status. The Court finds no additional leniency is appropriate.

It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with court orders or rules of procedure. *Flaksa v. Little River Marine Const. Co.,* 389 F.2d 885, 887–88 (5th Cir. 1968).[3] While the court's discretion to dismiss an action or enter a default judgment should be exercised only in extreme situations, it is appropriate in a case, such as this, where a party has gone completely non-communicative and ignores orders of the Court. *See Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 877 (11th Cir. 2023) ("Second, the entry of default judgment is within the discretion of the district court

---

[2] The Court had to locate a phone number for Sandoval and call him during the hearing.

[3] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down prior to September 30, 1981. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

and is intended to sanction litigants for failure to prosecute a case with reasonable diligence, comply with the district court's orders, or with the rules of procedure."); *In re Allegro Law LLC*, 545 B.R. 675, 708 (M.D. Ala. 2016) ("Put differently, *even assuming* a defendant has appeared and answered, the court *still* has the authority to order an entry of default when there is sufficient evidence of defendant's dilatory tactics or failure to comply with court orders and the rules of procedure.").

Here, while a dismissal and default judgment are the harshest of sanctions, they are appropriate because: (1) Sandoval is unwilling to respond to this Court's Orders, (2) Sandoval is unwilling to comply with this Court's Orders, and (3) given Sandoval's complete lack of communication with the Court or the Plaintiffs, the undersigned finds Sandoval's noncompliance to be in bad faith and no lesser sanctions are appropriate. *See e.g., Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993); *United States v. Varnado*, 447 F. App'x 48, 51 (11th Cir. 2011) ("Because *pro se* litigants are subject to sanctions for noncompliance with court orders, [defendant's] *pro se* status did not preclude the default judgment.").

Accordingly, it is respectfully RECOMMENDED:

1. That a default judgment of $368,840.10[4] be entered in favor of Plaintiffs and against Defendant Sandoval as a sanction for Sandoval's failure to comply with orders of this Court.

2. That Defendant Sandoval's counterclaims against Plaintiffs be DISMISSED as a sanction for Sandoval's failure to comply with orders of this Court and failure to prosecute.

3. That Plaintiff Meraki Solar LLC's motion for summary judgment, ECF Doc. 94, be DENIED AS MOOT.

4. That Plaintiffs be given **fourteen (14) days** from the date this Report and Recommendation is adopted to file a motion seeking attorney's fees pursuant to N.D. Fla. Loc. R. 54.1.

At Pensacola, Florida, this 23rd day of August, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] This is the amount sought by the Plaintiffs in the unopposed motion for summary judgment.

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.