UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MERAKI SOLAR, LLC, and
MERAKI INSTALLERS, LLC,

    Plaintiffs,

v.                                                               Case No. 3:21cv405-MCR-HTC

AARON SANDOVAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Court previously entered a default judgment in favor of Plaintiffs Meraki Solar LLC, and Meraki Installers LLC, (collectively, "Meraki") and against Defendant Aaron Sandoval as a sanction for Sandoval's failure to comply with orders of the Court. Docs. 105 & 106. Meraki has now filed a motion seeking to determine its entitlement to the attorney's fees and costs it incurred prosecuting this case. Doc. 107. Based on the motion, the relevant law, and Sandoval's failure to file a response in opposition, the undersigned concludes the motion should be GRANTED.

**I.    Background**

From approximately October 2018 to September 2020, Sandoval worked as an independent contractor for Meraki in sales positions. After leaving Meraki,

Sandoval helped form and operate Pur Energy LLC, and Elevate Energy ELP LLC, two solar energy companies which competed with Meraki. During this time, Sandoval failed to repay advances on commissions Meraki paid him, recruited Meraki sales representatives to come work for Pur, solicited Meraki's customers, and otherwise competed with Meraki for customers. *See* Docs 25 & 94. Thus, in this action Meraki alleged Sandoval: (1) breached the restrictive covenants found in the contracts he signed with Meraki; (2) failed to repay advances Meraki provided; and (3) tortiously interfered with Meraki's business relationships. Based on Sandoval's failure to defend against Meraki's claims and failure to comply with Court orders, the Court entered a default judgment of $368,840.10 in favor of Meraki and against Sandoval. Docs. 105 & 106. Meraki subsequently moved for an award of attorney's fees and costs, asserting entitlement under Fla. Stat. § 542.335(1)(k) and Sandoval's contract.[1]

## II.   Discussion

"Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *United States v. Pepper's Steel & Alloys,*

---

[1] Meraki was previously awarded $139,237.20 in attorney's fees and $8,339.40 in costs in a stipulated judgment entered against Mikol Rosenbalm. Doc. 91. However, Rosenbalm subsequently filed for bankruptcy and Meraki has not recovered any of those fees or costs.

*Inc.*, 289 F.3d 741, 742 (11th Cir. 2002).[2]  Here, Meraki is entitled to fees both as matter of contract and statute.

First, Meraki is entitled to an award of attorney's fees and costs under the District Manager Agreement Sandoval signed on September 11, 2020.  Doc. 25-4. The Agreement specifically provides that if Meraki is required to enforce the Agreement's confidentiality, non-compete, or non-solicitation provisions "through the courts or otherwise," then it "shall be entitled to an award of its reasonable actual attorney fees and cost[s] incurred in such enforcement."  *Id.* at 5-7.  Based on Sandoval's violations of the restrictive covenants, Meraki initiated this action and successfully obtained a default judgment of $368,840.10 against Sandoval.  Thus, under the Agreement, Meraki is entitled to an award of the attorney's fees and costs it incurred in prosecuting this action.

Second, even if the District Manager Agreement did not authorize Meraki to recover its attorney's fees and costs, an award of such fees and costs would be appropriate under Fla. Stat. § 542.335(1)(k), which states: "In the absence of a contractual provision authorizing an award of attorney's fees and costs to the prevailing party, a court may award attorney's fees and costs to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a

---

[2] "Federal courts sitting in diversity jurisdiction ordinarily apply the law of the forum state when deciding entitlement to attorneys' fees." *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1189 (S.D. Fla. 2019) (citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001)).

restrictive covenant." Meraki is the prevailing party in this action based on the default judgment entered in their favor. *See Ffrench*, 418 F. Supp. 3d at 1189 ("Under established Florida law, a prevailing party is the one who succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'") (quoting *Moritz v. Hoyt Enter., Inc.*, 604 So.2d 807, 810 (Fla. 1992)). Thus, an award of attorney's fees and costs is also proper under Fla. Stat. § 542.335(1)(k).

Accordingly, it is RECOMMENDED:

1. That Plaintiffs' motion to determine entitlement to attorneys' fees and costs, Doc. 107, be GRANTED.

2. That Plaintiffs be given thirty (30) days to file a motion to determine fee amount in accordance with N.D. Fla. Loc. R. 54.1(E).

3. That Defendant Sandoval be given fourteen (14) days from the date Plaintiffs' motion to determine fee amount is filed to file a response in accordance with N.D. Fla. Loc. R. 54.1(F).

At Pensacola, Florida, this 4th day of January, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.